Filed 5/26/22  P. v. Gower CA4/2
*See Dissenting Opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078096 |
| v. | (Super.Ct.No. BPR2100950) |
| ROBERT GOWER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Eric V. Isaac, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Elisabeth A. Bowman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

A trial court found defendant and appellant Robert Gower in violation of the terms of his parole.  Defendant filed a timely appeal.  We affirm.

1

Defendant was convicted of a violation of Penal Code section 290.018, subdivision (b) (failure to register). He was released on parole after serving one year nine months of a two-year eight-month sentence. He was given a document entitled notice and conditions of parole, which he signed in the presence of his parole agent, Agent Q., on July 20, 2020. The conditions required defendant to report to his parole agent on the first working day following his release from custody. Defendant was also given, and he signed, a document entitled special conditions of parole. One of the conditions required him to have continuous global positioning system (GPS) monitoring, with a GPS unit affixed to his person when he reported after being released from custody.

A petition for revocation of parole was filed on August 13, 2021, alleging that defendant was released from the Riverside County Jail on August 5, 2021, after serving a revocation period for parole violations. He was given instructions to report to the Riverside parole office by August 6, 2021, to begin parole supervision. The petition alleged that on August 7, 2021, the Assistant Unit Supervisor (Agent I.) learned that defendant had been released from Riverside County custody on August 5, 2021, and failed to report to the Riverside parole office as instructed. Agent I. submitted a warrant request. Defendant's whereabouts remained unknown until his arrest on August 9, 2021.

A parole revocation hearing was held on November 17, 2021. Defendant's parole agent, Agent Q., testified that the notice and conditions and the special conditions of parole were provided to defendant and explained to him. Agent Q. further testified that defendant was released from custody on August 5, 2021, and was required to report to the

Riverside parole complex the next day, but failed to do so. He testified there were no other arrangements made that allowed defendant to report on a different day or to a different office. Since defendant did not report, Agent Q. was not able to affix the GPS device to his person. A warrant was issued, and defendant was eventually arrested. On cross-examination, Agent Q. testified that defendant was not prohibited from reporting to other offices. Agent Q. did not check the other offices to see if defendant had checked into any of them.

Agent I. also testified at the parole revocation hearing. He testified that he checked the internal database and verified that defendant did not check into any other parole office after he was released on August 5, 2021.

During closing arguments, defense counsel argued that the prosecution had not met its burden to show defendant failed to report, since Agent Q. testified that he did not check the internal database to verify that defendant had not checked in at other locations. Furthermore, neither agent could testify as to what time defendant was released from custody.

The court addressed defense counsel as follows: "[Y]ou stated that the witnesses did not state—or did not know whether or not [defendant] was—he reported to any other parole agent or agency or another office. If that's, quote, unquote, a 'defense,' then I think the burden shifts to you to show that, well, no, he didn't abscond, he reported here. . . . So you're kind of suggesting that, well, okay, just because he didn't report to the office he was supposed to, maybe he reported somewhere else. [¶] There's no evidence of that." The court summed up that the evidence presented by the People

3

showed that defendant was released on August 5, 2021, and never checked in anywhere until he was arrested, but he never checked in on his own. It then stated, "So based on that I will find the defendant in violation of his parole for both counts, the absconding and failure to have the GPS monitoring device."

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and the following potential arguable issue: whether the court erred in basing its ruling on the ground that the burden shifted to the defense to show that defendant reported to another office when the defense argued that the prosecution did not meet its burden of proving defendant did not report at any parole office.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
                                                                    J.

I concur:

MILLER_____
        Acting P. J.

[*People v. Gower*, E078096]

Slough, J., Dissenting.

It remains my view that we should dismiss as abandoned Anders/Wende[1] appeals of postjudgment orders when counsel identifies no issues and the defendant declines to file a personal supplemental brief, as was the case here. (E.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038-1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131.)

SLOUGH           
J.

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

1